IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD GARY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00103 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SHERIFF MIKE MONDUL, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Charles Edward Gary, a pre-trial detainee proceeding *pro se,* filed this civil rights action pursuant to 42 U.S.C. § 1983 against Sheriff Mike Mondul, the Danville City Jail, Dr. Wang, Mayor Sherman Saunders, and Danville City alleging claims arising from a failure to investigate a criminal case, lost grievances, denied medical treatment, and "unsanitary" and cruel and unusual living conditions. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Gary's complaint, I find that he has failed to state a claim upon which relief may be granted against defendants Sheriff Mike Mondul, the Danville City Jail, Mayor Sherman Saunders, and Danville City and, therefore, will dismiss this case without prejudice against those defendants. I find, however, that Gary has sufficiently stated a claim against Dr. Wang and, therefore, the claims against Dr. Wang survive review under § 1915A(b)(1).

**I.**

Gary alleges that two Danville City Police officers assaulted him while arresting him on November 18, 2013. Upon arriving at the Danville City Jail ("Jail"), Gary states that he gave a

letter to two non-defendant Jail employees which indicated that he wanted to press criminal charges against the arresting officers. After receiving no response, Gary filed a grievance to which he also received no response. Upon inquiry, Gary learned that "no one knew the whereabouts of [his] grievance." Gary filed another grievance and a Police Captain came and took a statement from Gary. Gary apparently never heard the results of the Police Department's investigation and alleges that the Jail deputies, magistrates' office, and police department "conspired" and "neglected his plea for help."

Gary also alleges that, while at the Jail, he requested an eye examination because his eyes were "running, burning, and aching" and his vision was blurred. Gary states that he has a cataract and is concerned that he may also have glaucoma. Gary alleges that he spoke with several non-defendant nurses who advised him that he had to pay for eye examinations. Gary states that he has no money to pay for an eye examination. On February 11, 2014, Gary saw Dr. Wang for a medical appointment and Dr. Wang told Gary that he did not need an eye examination. However, Gary alleges that Dr. Wang did not examine Gary's eyes before making this determination. Gary also states that Dr. Wang advised Gary to get an eye examination after he was released and that Dr. Wang said he "had more pressing matters than an eye exam." Gary filed a grievance which apparently was lost and to which he never received a response. Gary alleges that his vision is deteriorating daily. Gary also states that on January 27, 2014, he requested an appointment with a mental health specialist for his depression, but he never received a response. He does not allege to whom he made this request. Gary argues that he has been denied adequate medical treatment.

Finally, Gary alleges that his blanket has not been washed for several months and that there is mold in the shower (on the mat and the curtain), in the day room, and on the catwalk. He

complains that there are ants in the day room which crawl on the bars where his food passes through. Gary also alleges that the Jail has a lock-out policy from 7:50AM to 10:00AM which requires him to be out of his cell and in the day room during that time. Gary complains that the day room was designed to hold 12 inmates, but that 16 inmates are actually in there for the two hours and ten minutes. Gary argues that these conditions are unsanitary and cruel and unusual.

**II.**

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Inasmuch as Gary has not alleged any facts against defendants Mondul, Saunders, and Danville City, I will dismiss this action against those defendants.

**III.**

Gary alleges facts against the Jail, however, the Jail is not a "person" subject to suit under § 1983 and, therefore, Gary cannot maintain his action against the defendant jail. *See McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890 (E.D. Va. 1992). Accordingly, I will dismiss this action against the Jail.

**IV.**

Gary also alleges that Dr. Wang failed to provide him with medical treatment concerning his eyes. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F.Supp. 487, 492 (E.D.Va. 1995). I find that Gary's allegations against Dr. Wang are

sufficient to state an Eighth Amendment claim of denial of medical care and, therefore, this action will proceed against Dr. Wang.

**V.**

For the reasons stated, I will dismiss, without prejudice, all claims and defendants in this action except Gary's Eighth Amendment claim that Dr. Wang failed to provide him adequate medical care concerning Gary's eyes

**ENTER**: This 6th day of June, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE