# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD GARY, | ) | Civil Action No. 7:14-cv-00103 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. LAWRENCE WANG, | ) | By:  Hon. Robert S. Ballou |
| Defendant. | ) | United States Magistrate Judge |

Charles Edward Gary, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  The remaining defendant is Dr. Lawrence Wang, the physician at the Danville City Jail ("Jail").[1]  Gary alleges that Dr. Wang was deliberately indifferent to a serious medical need, in violation of the Eighth Amendment of the United States Constitution. Dr. Wang filed a motion for summary judgment, and Gary responded, making the matter ripe for disposition.  After reviewing the record, I grant Dr. Wang's motion for summary judgment.[2]

## I.

Gary alleges in his verified complaint that he submitted a request for medical services on January 14, 2014, to complain that his vision was blurry and his eyes were "running, burning, and ach[]ing."  However, the actual Medical Request Form reveals that Gary complained, in relevant part, "I need a[n] eye exam.  My vision is getting worse.  My cataracts are really affecting my vision.  According to Part 13 of the Rule Book, I am entitled to an exam and glasses."  Gary asserts that he has a cataract and "possibly gl[au]coma," and that he spoke with various nurses between January 15 and February 4, 2014, about receiving an eye exam.

---

[1] Although Gary had also named as defendants Danville Sheriff Mike Mondul, the Danville City Jail, Danville City, and Danville Mayor Sherman Saunders, the court previously dismissed all claims against them and terminated them from this action, pursuant to 28 U.S.C. § 1915A(b)(1).

[2] I exercise jurisdiction over this litigation with the consent of the parties, pursuant to 28 U.S.C. § 636(c)(1).

On February 11, 2014, Dr. Wang told Gary during a medical appointment that Gary did not need an eye exam, that Gary could get an eye exam after his release from the Jail, and that Dr. Wang had more pressing matters. Notably, Gary alleges that Dr. Wang made this conclusion without conducting an eye exam.

Dr. Wang's uncontradicted affidavit and the medical records attached in support of the motion for summary judgment reveal that Dr. Wang examined Gary's eyes on November 27, December 12, and December 18, 2013.[3] Contradicting Gary's accusation, Dr. Wang avers that he examined Gary's eyes on February 11, 2014, too. Dr. Wang explains that Gary's eyes appeared normal during each exam and that Dr. Wang did not find any notation about Gary's eyes in Gary's medical records forwarded to the Jail from a local hospital.[4] Dr. Wang prescribed a pain medication on February 11, 2014, and noted that Gary did not presently need an eye exam. Gary commenced this action nearly two weeks after that February 11, 2014, appointment.

## II.

To succeed on his Eighth Amendment claim for the delay of medical care, Gary must sufficiently demonstrate that Dr. Wang was deliberately indifferent to a serious medical need.[5] Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference means a state actor was personally aware of facts indicating a substantial risk of serious harm and actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle, 429 U.S. at 104.

---

[3] Dr. Wang met with Gary for treatment of various other maladies in 2013 on November 27, December 12, and December 18 and in 2014 on January 3, January 22, March 11, May 21, and May 27. Dr. Wang avers that Gary did not complain about his eyes during these appointments.

[4] Gary was treated in the hospital for injuries related to a car accident and was discharged into the custody of Jail officials.

[5] Dr. Wang argues that Gary failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and Gary argues that Jail staff made those remedies unavailable to him. See, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). I do not need to resolve this issue because, even if the claim against Dr. Wang had been exhausted, Dr. Wang is entitled to summary judgment on the merits. See, e.g., 42 U.S.C. § 1997e(c)(2).

"Deliberate indifference may be demonstrated by either actual intent or reckless disregard."
Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372
F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question
subjectively recognized that his actions were 'inappropriate in light of that risk.'").  "A defendant
acts recklessly by disregarding a substantial risk of danger that is either known to the defendant
or which would be apparent to a reasonable person in the defendant's position."  Miltier, 896
F.2d at 851-52.  A health care provider may be deliberately indifferent when the treatment
provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is
intolerable to fundamental fairness.  Id. at 851.  A significant delay in the treatment of a serious
medical condition may, in the proper circumstances, indicate an Eighth Amendment violation.
See Estelle, 429 U.S. at 104-05 (holding that deliberate indifference may be demonstrated by
intentionally denying or delaying access to medical care).  However, a significant delay in
receiving medical care violates the Eighth Amendment only "if the delay results in some
substantial harm to the patient."  Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008)
(unpublished) (cited more than 150 times by courts in the Fourth Circuit); see, e.g., Mata v. Saiz,
427 F.3d 745, 751 (10th Cir. 2005).

In this case, Gary fails to establish a serious medical need or Dr. Wang's deliberate
indifference.  Contrary to the assertion in his complaint, Gary did not inform medical staff that
he was experiencing eye pain, but even if he did, there is no evidence to conclude that Dr. Wang
knew of any complaint of pain made to the nurses.  Gary does not allege in the complaint that he
told Dr. Wang during any appointment, including on February 11, 2014, that he was
experiencing eye pain.  Furthermore, Dr. Wang could not be found deliberately indifferent to the
need for an eye exam because the uncontroverted evidence establishes that he examined Gary's

eyes on three separate occasions before the February 11, 2014, exam and found nothing irregular with Gary's eyes. Moreover, Gary fails to describe any harm, let alone a substantial harm, resulting from not having the eye exam he desires, and Gary has not described his blurry vision in a way as to constitute a serious medical need.

Even if Dr. Wang erroneously diagnosed Gary's eyes as normal during the examinations, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 105-06; Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). Gary's disagreement with Dr. Wang's diagnosis or treatment decisions does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Because Gary failed to set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial, I must grant Dr. Wang's motion for summary judgment.

## III.

For the foregoing reasons, I grant Dr. Wang's motion for summary judgment.

Enter: March 20, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge